Mr. Chief Justice ShaRKey
delivered the opinion of the court.
This was ah action of ejectment, for two lots in the town of Columbus, in which the lessor of the plaintiff obtained a verdict. Exceptions were taken, during the trial, to the rulings of the court, on which the case is brought up by writ of error.
The first ground taken in this court, arises on an exception taken to the decision of the court, in refusing to rule out a deed of trust, made by Turner to Wade, for the benefit of Bartee. The history of the case is simply this; on the 21st of February, 1839, Turner made a deed of trust to Wade, by which he conveyed the lots in question to secure a debt of $1500 due to Bartee. On the 9th of April, 1839, a judgment was rendered against Turner. The defendant derived title under this judgment, by virtue of a sale made by the sheriff in 1842. In May, 1839, Turner, the grantor in the deed of trust, made an absolute conveyance by bargain and sale of the trust property to Bartee, and, in 1842, the property was sold by the trustee; Bartee became the purchaser, and took a deed. It is thus seen that the deed of trust was the first incumbrance, and the judgment the next.
The application was made to rule out the deed of trust, because the plaintiff did not introduce proof to establish the consideration on which the deed was given, and it is contended that such proof is necessary in a controversy between the claimant under a deed of trust, and a purchaser at sheriff’s sale. In support of this position, we are referred to several cases decided by the supreme court of Alabama. These cases have been examined, and are found to sustain this doctrine. We are always inclined to pay great deference to the decisions of sister *274 states, but in this instance we are constrained to differ with the supreme court of Alabama. The first time the question came before that court, was in the case of McCain v. Wood, 4 Ala. R. 258, when the question does not seem to have been much considered, except that under the particular circumstances of the case, such proof was held to be necessary, because, said the court, the deed was executed after the indebtedness, and even after the judgment. The court seems, afterwards, to have built upon that case, until the question became settled, without ever having examined the solidity of the foundation on which the superstructure was reared. It results from these cases, that a deed of trust is prima facie fraudulent; or, in other words, that the party introducing such a deed must prove that it was not fraudulent. On general principles, a deed is prima facie valid, and its recitals true, and it requires no evidence to support it, until it is attacked for fraud. In Hundley v. Buckner, 6 S. & M. 70, this court said : “Another objection is, that there is no evidence of the bona fides of the debt secured by the deed of trust, nor any evidence of its existence, except the recital in the deed of trust, and the production of the note for which it was given. This was sufficient prima facie proof, and none other was requisite unless this had been impeached.” That is the point made in this case, and we adhere to the rule as then stated. Fraud is never presumed, and never to be negatived until it is charged or made to appear. The judgment did not exist when this deed was made, although it is probable the debt did. But a debtor has a right to sell and convey his property — he may prefer creditors. This is the general rule. The exception to it is, that he cannot convey to defraud creditors. He who wishes to bring a deed within the exception, must make his proof. The presumption of law is always against bad faith. These Alabama cases reverse the rule, and establish this new doctrine, that it is fraud in law for a man to convey property who owes a debt. The rule which would require the purchaser to prove the fairness of the transaction amounts to this.
Exceptions were also taken to the refusal of the court to give certain charges asked for the defendant, and to the giving of those asked for the plaintiff.
*275 The first charge refused was, that a cestui que trust may take an absolute bona fide conveyance of the trust estate, and the latter (the trust estate, we suppose, was intended,) becomes merged in the former, unless the contrary is declared at the time to be the intention of the parties. This construction was asked, no doubt, in view of the subsequent absolute conveyance made by Turner to Bartee, which was younger than the judgment. If this conveyance could be regarded as the only title Bartee had, the property was of course liable to the judgment. This charge could not have been given without a total disregard of the distinction between a legal and equitable title. After the deed of trust was executed, what interest had Turner in the lots? certainly nothing but an equity. Then how could he make an absolute conveyance of the legal estate, when he had no such estate to convey ? His conveyance, at most, only passed such right as he had. He could not convey that which he had not. It does not follow, that a party by adopting a form of conveyance appropriate to pass the legal estate, thereby conveys such estate. Whatever form he may adopt, he can only transfer such interest as he possesses. If he has but an equity, that is all that he can convey. The legal title to these lots was in Wade the trustee, and it could not be divested without his concurrence, or the judgment of a competent tribunal. Bartee held the entire equity by the purchase or conveyance, and, after that, Wade held the legal title as trustee for Bartee alone. He was previously trustee for both parties. The doctrine of merger then can have no application.
But it is contended that the conveyance by Turner to Bartee was a rescission of the conveyance in trust, as it was made by the only parties interested. It is certainly true, that Bartee was thereby invested with the entire equity; but we do not perceive, in view of well-defined distinctions, how two persons, each holding but an equity, could rescind a contract which passed the legal estate to a third person, without the concurrence of that third person. A party who holds the legal title cannot be divested of it, except by his own act, or in virtue of the decree or judgment of a court of competent jurisdiction. The case of *276 Standifer v. Chisholm, 1 Stew. & Port., is cited in support of this position. That was a controversy about personal property. If there should be a distinction between real and personal property, that case may rest upon it. If there is not, then we know not how to reconcile it with what we conceive to be well-established principles. It must be incontrovertibly true, that parties who hold nothing more than equities, can dispose of nothing more. If we could regard the beneficial interest as the legal title, our conclusion might be different.
The second charge asked and refused was, that if the jury should believe from the evidence, that the trust deed to Wade as trustee, was paid or extinguished by the execution of the absolute deed from Turner to Bartee, they must find for the defendant.
Payment is usually a question of fact, but extinguishment is a question of law. Here both were questions of law. We have already endeavored to show, that the right conveyed by the deed of trust was not extinguished by the absolute deed. The debt might have been paid, but the deed of trust was not susceptible of payment. It was but a security for the payment of the debt. The absolute conveyance could only operate to extinguish Turner’s interest. The legal title was still in Wade. The court was asked by this charge to submit to the jury the effect of the absolute conveyance,' which would have been improper. The jury could not determine whether the deed of trust was paid or extinguished by the absolute deed. It was for the court to determine as to the legal effect of the conveyance.
When Wade sold under the deed of trust and Bartee became the purchaser, he was for the first time invested with the legal title, which had its origin in the deed of trust, and he held it precisely as Turner did when the deed of trust was made ; and if the doctrine of merger can have any application, it is by sinking Bartee’s equity into his legal title; which, however, would not so operate as to act in intermediate judgments. It could not do so in this instance, as the legal title passed out of Turner previous to the judgment, and never returned to him. If the judgment could have been binding on anything, it was his *277 equity which the judgment creditor might, whilst it existed, have appropriated by the use of proper means.
These remarks cover substantially the charges which were given at the instance of the plaintiff, and they do not require further notice.
Judgment affirmed.